PATRICK HARRINGTON *vs.* TIMOTHY MURPHY.

A grantee of land cannot recover as damages for a breach of the grantor's covenant against incumbrances, consisting in the existence of an inchoate right of dower in the premises, a sum paid by himself to an auctioneer for selling them to a person who refused to complete the purchase on discovering the incumbrance.

CONTRACT for breach of the defendant's covenant of warranty against incumbrances, in a deed of land in Charlestown, executed and delivered by him to the plaintiff on March 14, 1865. Writ dated November 3, 1869. Trial in the superior court, before *Putnam*, J., who directed a verdict for $50 damages in favor of the plaintiff, and reported for the determination of this court the case which is stated in the opinion.

*C. E. Sweney & J. W. O'Brien*, for the defendant.

*W. S. Stearns*, for the plaintiff.

MORTON, J. It appears from the report, that the only incumbrance which the plaintiff proved was the existence of an inchoate right of dower in a part of the estate conveyed by the deed. It was decided by this court, after full consideration, in *Shearer* v. *Ranger*, 22 Pick. 447, that an inchoate right of dower is an existing incumbrance amounting to a breach of a covenant against incumbrances ; and that decision was approved in the recent case of *Bigelow* v. *Hubbard*, 97 Mass. 195. It follows that the plaintiff is entitled to maintain this action.

But we are of opinion that the ruling of the presiding judge, directing a verdict for the plaintiff for fifty dollars, was erroneous. The plaintiff offered no evidence of damage, except that he had paid an auctioneer fifty dollars for selling the estate at auction, and that the purchaser refused to complete the purchase upon discovering this incumbrance. Such an expense to the covenantee is not the immediate consequence of the breach of the covenant. It is too remote and indirect to be an element of damages.

The covenant was broken as soon as the deed was delivered to the plaintiff, and an action then accrued to him for such breach. *Clark* v. *Swift*, 3 Met. 390. The general rule of damages is, that, if the covenantee has extinguished the incumbrance, he may

recover the reasonable expenses incurred in doing so ; if he lies by without doing so, and has not been disturbed in the enjoyment of the estate conveyed, he can recover only nominal damages. If he cannot remove the incumbrance, the measure of damages is a just compensation for the direct injury resulting from it. *Chapel* v *Bull*, 17 Mass. 213. *Harlow* v. *Thomas*, 15 Pick. 66. *Batch-eller* v. *Sturgis*, 3 Cush. 201. *Wetherbee* v. *Bennett*, 2 Allen, 428. In the case at bar, the plaintiff has not been disturbed in the enjoyment of the estate, and has not paid anything to extinguish the incumbrance. Upon this state of the evidence, it was erroneous to instruct the jury that he was entitled to recover the sum of fifty dollars. *Prescott* v. *Trueman*, 4 Mass. 627. *Tufts* v. *Adams*, 8 Pick. 547. *Exceptions sustained.*