ANDREW J. PERKINS *vs.* JANE WHELAN.

Essex.    Nov. 4, 1874. — Jan. 9, 1875.    AMES & DEVENS, JJ., absent.

An action for breach of the warranty of title implied in the sale of a chattel accrues at the time of the sale, and the statute of limitations runs from that time.

CONTRACT for breach of warranty in the sale of a horse. Writ dated May 8, 1873. The answer set up the statute of limitations. Trial in the Superior Court, before *Wilkinson*, J., who, by consent of the parties, before verdict, reported the case for the consideration of this court in substance as follows:

The following facts were admitted: The plaintiff bought the horse in question of John Whelan, the defendant's husband, on January 27, 1865, and took a bill of sale of it at the time; John Whelan died August 30, 1870; on December 29, 1870, Elizabeth Whelan, a sister of John, brought an action of tort in the nature of trover against the plaintiff for a conversion of the horse, in which action she claimed the horse under an independent title,

dating back to a purchase by her in 1862, and at the trial of said action offered evidence in support of her title and tending to show that she had never parted with her title to the horse, and that John never had any title to it. The questions tried to the jury in that action were, whether Elizabeth ever had title, or had parted with the same. The case was tried at March term 1872, and resulted in a disagreement, and was again tried at March term 1873, and resulted in a verdict for the plaintiff, Elizabeth Whelan, against the present plaintiff. The verdict was followed by judgment, which was satisfied by the present plaintiff, in April, 1873. John Whelan's will was proved October 4, 1870, and John P. Gilmore, who was named executor in the will, was duly appointed and qualified as such on that day, and gave the notices thereof required by law.

Upon these facts, the defendant contended that any right of action which the plaintiff had against the said John or his estate, accrued at the time of the purchase by the plaintiff. The plaintiff contended that his right of action accrued to him when the judgment against him was rendered, claiming to have no knowledge of any defect in his title to the horse till the date of the judgment, except what may be inferred from the bringing of the suit by the said Elizabeth.

It was also agreed by the parties, that no formal notice of the claim of Elizabeth was given by the plaintiff to the executor, nor was any demand made upon him to assume the defence of said suit. But the executor was present at the second trial in March, 1873, and testified to his inability to find a paper material to the issue. The plaintiff claims to be able to show that the executor was cognizant of said suit as early as March, 1872. But this is not admitted. The executor's account was settled in May, 1873. The plaintiff notified the defendant of said suit soon after it was brought, and was informed by her that Elizabeth had no claim whatever to said horse, and was also informed by her of the witnesses who knew about the question at issue, and the defendant in this action was present as a witness at both the said trials. It is admitted that the defendant is to some extent a devisee under said will ; but the will was not read, nor is the extent or nature of her interest under said will made any part of this report. This report being solely to settle the questions raised by the fore-

going facts. If the plaintiff's claim is barred by the statute of limitations, the plaintiff is to become nonsuit. If the plaintiff cannot maintain the action against the defendant on account of the other facts set forth, together with the claim of the plaintiff that he supposed his title to said horse good until said judgment, then the plaintiff is to become nonsuit; otherwise, the cause is to stand for trial.

*W. S. Knox*, for the plaintiff, cited *Shearman* v. *Akins*, 4 Pick. 283; *Howes* v. *Bigelow*, 13 Mass. 384; *Bearce* v. *Jackson*, 4 Mass. 408; *Raymond* v. *Raymond*, 10 Cush. 134.

*D. Saunders & C. G. Saunders*, for the defendant.

MORTON, J. The statute of limitations is a bar to this action. The plaintiff's cause of action is founded upon the breach of the warranty of title implied in the sale of the horse by John Whelan to him. This breach occurred at the time of the sale, and the right to sue therefor then accrued. The case is analogous to an action for a breach of the covenants in a deed against incumbrances, where it is held that the covenant is broken as soon as the deed is delivered, and an action then accrues for such breach. *Harrington* v. *Murphy*, 109 Mass. 299, and cases cited.

We are not aware of any decision of the precise point of this case by this court; but in *Grose* v. *Hennessey*, 13 Allen, 389, it was held, that an action for a breach of the warranty of title in a chattel could be maintained by the buyer, although he had not been disturbed in his possession. This implies, and is consistent only with the rule, that the warranty is broken at the time of the sale and the cause of action then accrues. As this view is fatal to the plaintiff's case, the other questions presented by the report become immaterial.                    *Plaintiff nonsuit.*