WARREN RICHARDSON *vs.* ANDREW ROBBINS & another.

Suffolk.   Nov. 16, 1877. — Feb. 11, 1878.   ENDICOTT & LORD, JJ., absent.

The plaintiff held the overdue notes of A., secured by a mortgage of personal property, which contained a clause forbidding a sale of the property by the mortgagor without the consent of the mortgagee. The defendant requested the plaintiff to consent to a sale by A. to B., subject to the mortgage, B. agreeing to pay the mortgage to the plaintiff, and the defendant agreeing to pay the plaintiff such portions of the mortgage and notes as B. should fail to pay. This promise was made by the defendant in order to secure the payment of a debt due from A. to him, which B. then assumed and agreed to pay. *Held*, that the agreement of the defendant was a promise to pay the debt of another within the statute of frauds.

The contents of a lost written agreement cannot be proved by evidence of the previous conversation of the parties to it, in relation to what they proposed to agree in the writing to be drawn up.

CONTRACT. The declaration contained two counts. The first count was upon a written guaranty. The second count alleged that the plaintiff was the holder of a mortgage and notes of one Evans ; that the defendants, in order to secure the payment of certain indebtedness of Evans to them, requested the plaintiff to assent to a sale of the property, upon which he held the mortgage, to one Snow, the latter assuming and agreeing to pay to the defendants Evans's indebtedness to them ; that in consideration of such assent, the defendants agreed to pay to the plaintiff such portion of the amount of the mortgage and notes as Snow should fail to pay, Snow having agreed with Evans and the de-

fendants to pay said mortgage and notes , that, in consideration of the defendants' agreement, the plaintiff assented to the sale to Snow, and the sale was made ; that both Snow and the defendants, though requested, had refused and failed to pay the mortgage and notes ; and that " said notes and mortgage remain in no part paid." Answer, the statute of frauds.

At the trial in the Superior Court, before *Gardner*, J., it appeared that the plaintiff held the overdue notes of Evans secured by a mortgage of personal property, the mortgage containing the condition that the grantor should not, " except with the con-sent in writing of the grantee or his representatives, attempt to sell " the property mortgaged. The plaintiff admitted that the agreement relied on in the second count was not in writing ; and the judge ruled that the agreement, if proved, was within the statute of frauds, and excluded evidence thereof.

On the first count, the plaintiff introduced evidence tending to show that the instrument declared on was signed by the defendants and was lost ; and offered to show what the contents of the paper were, by showing the conversation of the parties in the office where the paper was drawn up. The judge ruled that the plaintiff might show the contents of the paper by any person who had read it, or knew what its contents were ; but that the talk of the parties in relation to what they proposed to agree to was not evidence of its contents ; and excluded the evidence.

The jury returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*H. W. Bragg*, for the plaintiff.

*C. Robinson, Jr.*, for the defendants.

COLT, J. Upon the facts stated in the second count of the plaintiff's declaration, the defendants' promise is within the statute of frauds and must be in writing.

The plaintiff held the overdue notes of Evans secured by a mortgage of personal property. The condition of the mortgage contained a clause forbidding a sale of the property by the mortgagor without the consent of the mortgagee. The defendants requested the plaintiff to consent to a sale from Evans to Snow, subject to the mortgage ; the latter agreeing to pay the mortgage to the plaintiff, and the defendants agreeing, on their part, to pay the plaintiff such portion of the mortgage and notes as Snow

should fail to pay. It is stated that this promise was made by the defendants in order to secure the payment of a debt due from Evans to them, which Snow then assumed and agreed to pay. But this does not make it anything more than a promise to pay the debt of another. The plaintiff released no part of the original debt of Evans to him, nor did he give up any lien, or release any security held by him. He only consented that the mortgagor might sell whatever right he had as mortgagor to Snow; that is, might transfer to Snow his right to redeem. This right the mortgagor always had; and the only effect of a sale without the plaintiff's consent would be to give him, under the terms of the condition in the mortgage, a right to foreclose as for a breach of the condition. But, when the alleged promise of the defendants was made, the condition of the mortgage had already been broken by the non-payment of the mortgage notes at maturity; so that the plaintiff neither parted with, or was delayed in the exercise of, any right he had to the mortgaged property, nor was any benefit or advantage released to the defendants. The transaction, in its essential character, amounted at most only to a guaranty of Snow's agreement to pay the debt of Evans to the plaintiff, the consideration of the guaranty being an agreement on the part of Snow that he would also pay a debt of Evans to the defendants. There was no purchase or acquisition by the defendants from the plaintiff, by reason of the promise, of some property or benefit to themselves, such as would show the promise to be a new promise by the defendants to pay a debt of their own, fairly contracted in such purchase or acquisition. *Ames* v. *Foster*, 106 Mass. 400. *Brightman* v. *Hicks*, 108 Mass. 246. *Gill* v. *Herrick*, 111 Mass. 501. *Furbish* v *Goodnow*, 98 Mass. 296.

The evidence offered to prove the contents of a lost written instrument was properly rejected. The previous talk of the parties as to what they proposed to agree to in the writing to be drawn up is not evidence of the contents of the paper.

*Exceptions overruled.*