FRANK MAYER AND ROBERT A. KIRCHNER v. ROBERT M. SOULIER, ADELINE C. HOTCHKISS, ROBERT J. KING AND GEORGE W. HAWLEY.

*Chattel mortgage—Rights of assignee.*

The assignee under a *bona fide* mortgagee of chattels is entitled to the same protection as the mortgagee in an action of replevin brought by a claimant of the goods.

Error to Superior Court of Detroit. Submitted April 5. Decided June 14.

REPLEVIN by Mayer & Kirchner for goods sold to the defendant Robert J. King, who did not pay for them, but mortgaged them to Alexander Toll, from whom they were purchased, subject to Toll's mortgage, by the defendant Adeline C. Hotchkiss, who was a creditor of King's, and who afterwards purchased the mortgage for her own protection. Defendants bring error. Reversed.

*Henry M. Cheever* for appellants.

*Griffin, Dickinson, Thurber & Hosmer* for appellees.

MARSTON, J. Error is so clearly apparent in that portion

of the charge of the court relating to the rights of the defendant Hotchkiss under the Toll mortgage* that a new trial must be ordered.

It was conceded that the mortgage to Toll was in his hands valid, and that his rights thereunder would have been fully protected. That being so his assignee was equally entitled to protection to that extent, and this for the reasons set forth in *Kost v. Bender* 25 Mich. 516. The other questions we do not consider it necessary to discuss.

The judgment must be reversed with costs and a new trial ordered.

GRAVES, C. J. and COOLEY, J. concurred.

CAMPBELL, J. did not sit in this case.

---

*Court. "I am asked to charge you 'that Mrs. Hotchkiss is entitled to all the rights of Alexander Toll, and plaintiffs cannot recover as to the goods covered by the chattel mortgage.' By that, I suppose, you mean the Toll chattel mortgage?"

*Defendant's Counsel.* "Yes, your honor."

*Court.* "I will so instruct you, with this modification: If, at the time they were acquiring this right from Toll, they knew or had notice that those goods really belonged to the plaintiffs in this case, and knew it at the time, of course they acquired that right at their risk, and they must abide by that. But if they acquired it without any such notice, then, of course, gentlemen of the jury, they would be relegated to all the rights of Toll. But this transaction being all one thing, it is for you to consider whether they could have acquired the Toll mortgage without notice. In other words, it is all one transaction, and you may determine, if you do determine as a matter of fact, as to whether they could have acquired the Toll mortgage without notice and yet have gone through the rest of the transaction with notice. It seems to me rather difficult. If you find they acquired the Toll mortgage without inquiring, without anything to put them upon inquiry, it seems to me you would find great difficulty in holding them liable at all. So that I simply instruct you that they would have all the rights under the Toll mortgage unless they had notice and knew at the time they acquired it, the true state of things, or had reason to know the true state of things between King & Co. and the plaintiffs in this case."