## JOHN STRATTON *vs.* RALPH C. HILL.

Worcester.   Oct. 3, 1882. — Jan. 8, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

At the trial of an action for breach of an agreement to save the plaintiff harmless from all loss by reason of any liens and encumbrances upon a horse, alleged to have been bought by the plaintiff of a third person, an affidavit put in evidence tended to show that the plaintiff bought the horse of the defendant. The judge instructed the jury that, "if the testimony as given in the affidavit is a full and true statement of the contract and arrangement whereby the plaintiff obtained the horse, he cannot recover in this action, because the contract therein stated is materially different from that set out in the declaration." *Held,* that the plaintiff had no ground of exception.

At the trial of an action for breach of an agreement to save the plaintiff harmless from all loss by reason of any liens and encumbrances upon a horse, alleged

to have been bought by the plaintiff of L., and on which the defendant held a mortgage, and of a warranty that the horse was free from all encumbrances, the answer to which set up the statute of frauds, the plaintiff asked the judge to rule that "if the defendant said to the plaintiff, 'I will guarantee the horse to you in case you will buy him of L.,' that contract would not be within the statute of frauds;" and that "if the plaintiff said to the defendant, 'I will buy the horse of L. if you will guarantee the title, but not otherwise,' and the defendant said, 'All right, I will so guarantee the title if you will pay me $50 of the purchase money,' that contract would not be within the statute of frauds." The judge declined so to rule, but gave full general instructions upon the statute of frauds, which were not excepted to, and which did not appear in the bill of exceptions. *Held*, that the plaintiff had no ground of exception.

CONTRACT. The declaration alleged that, on September 6, 1878, the plaintiff bought a horse of one Lynch, upon which the defendant then held a mortgage for the sum of $125; that the defendant, in consideration of the payment to him by the plaintiff of the sum of $50, promised to save the plaintiff harmless from all loss by reason of any liens and encumbrances upon the horse, and warranted that the horse was free from all encumbrances; and that, at the time of said promise and warranty, there was a mortgage on the horse held by one Bailey, who has since taken the horse from the possession of the plaintiff by virtue of said mortgage, and the horse was wholly lost to the plaintiff. Answer: 1. A general denial. 2. The statute of frauds. At the trial in the Superior Court, before *Knowlton*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. Hopkins*, for the plaintiff.

*T. G. Kent*, for the defendant.

FIELD, J. The instruction that, "if the testimony of Cook as given in the affidavit is a full and true statement of the contract and arrangement whereby the plaintiff obtained the horse, he cannot recover in this action, because the contract therein stated is materially different from that set out in the declaration," was correct. The affidavit, if it was a full and true statement of the contract, tended to show that the plaintiff bought the horse of the defendant, and the declaration alleges that he bought it of Lynch.

The exceptions state, "that full general instructions were given upon the statute of frauds, to which no exceptions were

taken; but that the presiding justice refused to give two instructions asked for by the plaintiff, which were: " If the defendant said to the plaintiff, ' I will guarantee the horse to you in case you will buy him of Lynch,' that contract would not be within the statute of frauds;" and " If the plaintiff said to the defendant, ' I will buy the horse of Lynch if you will guarantee the title, but not otherwise,' and the defendant said, ' All right, I will so guarantee the title if you will pay me $50 of the purchase money,' that contract would not be within the statute of frauds."

The defendant was a mortgagee of the horse. Lynch was the owner of the equity of redemption, subject to the mortgage to the defendant and to another mortgage to one Bailey. The plaintiff declares upon a sale by Lynch, and not upon a sale by Lynch and the defendant. No warranty of title can therefore be implied against the defendant as one of the vendors. The alleged promise of the defendant was upon a good consideration moving directly from the plaintiff to the defendant; but this alone will not take the case out of the statute. *Ames* v. *Foster*, 106 Mass. 400.

The defendant contends that the alleged promise was one to answer for the default of Lynch, who as vendor warranted the title. In this Commonwealth, a vendor of personal chattels which are in his possession, who sells them as his own, impliedly warrants the title, although this implication may be controlled by the terms and circumstances of the sale, if they show that it was not the intention of the parties that the vendor should warrant the title. *Buckman* v. *Goddard*, 21 Pick. 70. *Coolidge* v. *Brigham*, 1 Met. 547. *Dorr* v. *Fisher*, 1 Cush. 271. *Whitney* v. *Heywood*, 6 Cush. 82. *Grose* v. *Hennessey*, 13 Allen, 389. *Perkins* v. *Whelan*, 116 Mass. 542. *Shattuck* v. *Green*, 104 Mass. 42. *Northampton National Bank* v. *Massachusetts Loan & Trust Co.* 123 Mass. 330.

The defendant's evidence tended to show that he received the fifty dollars in consideration of his assenting to the sale made by Lynch, and of his releasing his claim under his mortgage.

The plaintiff introduced evidence that the defendant guaranteed to him that the title to the horse was free from encumbrance, and testified " that he thought Lynch's guaranty of title

was not sufficient, and that he relied upon him guaranteed by the defendant." The promise declared on is a promise to save the plaintiff harmless from all loss by reason of liens and encumbrances upon the horse, or a warranty that the title to the horse was free from all encumbrances. The plaintiff's evidence was not of a promise to the plaintiff to pay Bailey's mortgage, which, as a promise, not to a creditor to pay the debt of a third person, but to the plaintiff to pay a debt which was a charge upon the plaintiff's property, might not be within the statute. See *Alger* v. *Scoville*, 1 Gray, 391; *Carr* v. *Dooley*, 119 Mass. 294.

It is sometimes said that a mere promise of indemnity is not within the statute. *Aldrich* v. *Ames*, 9 Gray, 76. *Wildes* v. *Dudlow*, L. R. 19 Eq. 198. But whatever the promise may be called, if it is " a special promise to answer for the debt, default or misdoings of another," and that is its principal object, it would seem that it is within the statute. *Cripps* v. *Hartnoll*, 4 B. & S. 414. *Dows* v. *Swett*, 120 Mass. 322.

An agreement to guarantee the title to personal chattels may be an independent original agreement, or it may be collateral to the express or implied warranty of title by another person. If it is made as a part of the bargain and sale of the chattels, but by a person other than the vendor, an important fact to be determined is whether the vendor by the sale expressly or impliedly warranted the title; if he did, the inference may be that the guaranty is collateral to the warranty of the vendor, and is in substance a guaranty that the vendor will keep his contract of warranty, and not make default. The question whether the promise of the defendant in this case was a promise to answer for the default of another, has some analogy to the question which arises upon the sale and delivery of merchandise to one person upon the promise of another to pay for it. *Cahill* v. *Bigelow*, 18 Pick. 369. *Chapin* v. *Lapham*, 20 Pick. 467. *Stone* v. *Walker*, 13 Gray, 613. *Hill* v. *Raymond*, 3 Allen, 540. *Swift* v. *Pierce*, 13 Allen, 136. *Dean* v. *Tallman*, 105 Mass. 443. *Richardson* v. *Robbins*, 124 Mass. 105.

Evidence is recited in the exceptions from which the jury might have found that Lynch either expressly or impliedly warranted the title to the horse, and that the defendant's promise was collateral to this, and was a guaranty that Lynch would

make good his warranty. Whether it was so or not was a question for the jury, under suitable instructions from the court. The plaintiff was not, as a matter of law, entitled to the rulings asked for, and it is to be presumed that suitable instructions were given. *Exceptions overruled.*