HENRY *v.* GATES.

Justice's Judgment—Lost Record—Parol Proof.

Complainant, claiming to have obtained a judgment against defendant before a justice since deceased, was unable to find either the docket or any paper in the case, except one purporting to be an execution and return. He produced this in evidence, and testified that he saw the judgment entered upon the docket, but offered no proof as to the contents of the lost record. *Held*, insufficient to prove the judgment.

Appeal from Branch; Yaple, J. Submitted October 4, 1898. Decided October 18, 1898.

Bill by Warren Henry against Jesse Gates and Delos P. Leonard to reach the interest of William B. Gates, a judgment debtor, impleaded with said defendants, in certain moneys in the hands of defendant Gates as executor of the will of Ellen A. Jones, deceased. From a decree for complainant, defendants appeal. Reversed.

*A. L. Locke* (*H. H. Barlow*, of counsel), for complainant.

*George Styles* (*H. J. Barton*, of counsel), for defendants.

HOOKER, J. The complainant obtained a judgment against William B. Gates in justice's court for $208.79 damages and $2.30 costs, in the year 1877. Execution was issued, and returned unsatisfied, as appears from the execution. The justice is dead, and after diligent search it was impossible to find his docket, or any paper in the case except the execution and return. The issue of this execution was delayed upon the promise of Gates to sell his wheat and pay the judgment; but, after selling his wheat, he absconded, and has since lived in the State of

Washington. In the year 1897, his sister, residing in Branch county, Mich., died, leaving a will, whereby she bequeathed to him her property. Immediately after her funeral, the property, consisting of securities, came into the possession of Leonard, her sister's husband. Jesse Gates, a brother, was named as executor; and, after proceedings were instituted for the probate of the will, the complainant had a conversation with him, requesting payment of his claim, and offered to take half of it, but this was refused. Jesse Gates offered to pay him $50, and afterwards, acting under the advice of counsel, sent an assignment to William B. Gates, who signed and returned it duly signed, whereby �archn assigned to Leonard all of his interest in the estate, the proceedings to probate the will being meantime postponed. This assignment was dated September 8, 1897. It was delivered to Leonard, and he gave his note for $500, payable on or before a year from its date. What the date was does not appear, as the note does not appear to have a date. Leonard testified that he paid $400 upon the note by a draft sent William B. Gates on October 13th, and the remainder later. The complainant filed a bill soon after the will was probated, to reach the interest of William B. Gates in the hands of the executor, and some months later, on being advised of Leonard's connection with the transaction, filed an amended bill, making him a party. From a decree in favor of the complainant, the defendants have appealed.

Defendants' brief states that there are two questions in the case:

*First*, whether either of the defendants is liable to the complainant upon the merits.

*Second*, whether a bill in chancery will lie to establish a lost judgment of a justice of the peace, rendered in this State, there being no copy or note of the judgment.

We are convinced from the testimony in the case that the complainant had a valid claim against William B. Gates at the time that he left Michigan, but the amount of such claim does not appear. He testified that 40 years

ago he had a note against him, but the note was not produced, nor is there any competent evidence to show its date or amount. The witness testified, further, that this note was sued before one Sawin, a justice, and that judgment was rendered upon it, and that he saw the entry of the judgment upon the docket. A paper purporting to be an execution issued upon such a judgment appears in the record, but such execution is insufficient to show a valid judgment. It is no less hearsay than would be testimony of oral statements of the justice to that effect.

To prove a justice's judgment, it must be shown that jurisdiction of the defendant was obtained, and that at a proper time a trial was had and a judgment rendered, and its amount. This would be required if the docket were produced, and certainly proof that the lost docket contained as much is requisite. *Kenyon* v. *Baker*, 16 Mich. 373 (97 Am. Dec. 158); *Hickey* v. *Hinsdale*, 8 Mich. 267 (77 Am. Dec. 450). It is the rule that the loss of the record must first be shown, and then the substance of the contents must be established. 1 Whart. Ev. § 139. In section 140 it is said: "But, to authorize *memoriter* proof of a lost document or record, the witness must have read it, and be able to speak at least to the substance of its contents." See, also, *Coxe* v. *England*, 65 Pa. St. 212. In *Com.* v. *Roark*, 8 Cush. 210, it was held that "the contents of a complaint and warrant in a criminal case, lost after being returned into court, may be proved by secondary evidence; and witnesses to prove the contents may state the substance, without giving the exact words." See, also, *Simpson* v. *Norton*, 45 Me. 281; *Hall* v. *City of Manchester*, 40 N. H. 410.

It is manifest that anything less than a statement of the contents would be unsafe, and, especially in criminal cases, could not be accepted. It would necessarily involve an opinion of a witness to say that a judgment or warrant—*i. e.*, a valid judgment or warrant—existed, and that would be clearly inadmissible. It has been held that previous talk of the parties as to what they proposed to

agree to in the writing is not even secondary evidence of the contents of the paper. *Richardson* v. *Robbins*, 124 Mass. 105. And the opinion of the witness as to the effect of the language of a paper, the language not being given, was held inadmissible in *Elwell* v. *Walker*, 52 Iowa, 256. In 1 Greenl. Ev. § 558, it is significantly said: "Satisfactory proof being thus made of the loss of the instrument, the party will be admitted to give secondary evidence *of its contents.*" This court has recognized the rule in *Norvell* v. *McHenry*, 1 Mich. 227, which implies the necessity of proving the *steps taken* before judgment. See, also, *Eslow* v. *Mitchell*, 26 Mich. 500. *In re Lambie's Estate*, 97 Mich. 55, recognizes the rule, though itself exceptional. In *Shouler* v. *Bonander*, 80 Mich. 534, Mr. Justice CAHILL says, upon behalf of the court: "When parties rely upon parol evidence to establish the contents of a written agreement, they should be required  *  *  *  to show its contents by proof," etc.; quoting with apparent approval the following: "No vague, uncertain recollection concerning its stipulations ought to supply the place of the written instrument itself. The substance of the agreement ought to be proved satisfactorily;" citing *Tayloe* v. *Riggs*, 1 Pet. 600, and *Richardson* v. *Robbins, supra.*

It is with reluctance that we reach the conclusion that proof of judgment is wanting, and that we cannot afford the complainant the relief that we would be glad to give him.

The decree is reversed, and the bill dismissed, with costs of both courts.

The other Justices concurred.