FAULKNER v. KING.

(Filed June 13, 1902.)

1. EVIDENCE—*Opinion on Evidence—Judge—The Code, Sec. 403.*

  In an action of claim and delivery for a horse, an instruction by
    the trial judge that in passing upon the credibility of the
    plaintiff as a witness, the jury should consider the fact that
    he had $50 of money of defendant in his pocket and refused
    to give it to him, and that he is insolvent, amounts to an ex-
    pression of an opinion upon the facts.

2. EVIDENCE —*Record—Justices of the Peace—Former Proceeding.*

  The record of an action between the same parties and about the
    same property is competent in a subsequent action.

ACTION by J. F. Faulkner against J. N. King and another,
heard by Judge *W. S. O'B. Robinson* and a jury, at October
Term, 1901, of the Superior Court of WAKE County.   From
a judgment for the defendants, the plaintiff appealed.

*B. C. Beckwith,* for the plaintiff.
No counsel for the defendant.

  CLARK, J.   This was an action to recover a horse.   The
defense was that the matter had been litigated in a former
action by this defendant against this plaintiff before a Jus-
tice of the Peace, in which the present defendant had recov-
ered judgment and the present plaintiff had surrendered the
horse, and did not appeal.   The present plaintiff, the defend-
ant in the former action, testified that he surrendered the
horse and did not appeal because the Justice had threatened
to put him in jail if he did otherwise, and the next day when
he offered to appeal and tendered the 30 cents fee for the re-
turn to the appeal, the Justice refused to send up the appeal.
This is denied, except that the Justice stated he did not
send the appeal up because he considered the case at an end.

It would seem that the Justice erred in not sending the case up, for the Court above should have passed upon the validity of the appeal, and that the plaintiff, after the refusal of the Justice, erred in not applying to the next term of the Superior Court for a writ of *recordari,* but these points are not before us, because it is the plaintiff, not the defendant, who is appealing, and the plea of *res judicata* and its validity are not presented.

The Judge charged the jury: "There is but one thing for you to consider in this matter, and that is—did the plaintiff voluntarily surrender the horse to Mills ?—if he did, then you will answer the issue 'No.' If he did not voluntarily surrender the horse, but was coerced or intimidated by the threats at the trial before Nichols, the Justice of the Peace, into giving him up, you will answer the issue 'Yes.' But you should consider, in passing upon the plaintiff's credibility as a witness, the fact that he has fifty dollars of defendant's money in his pocket and refuses to give it to the owner, that he is insolvent."

The plaintiff excepts to this as an intimation of an opinion upon the facts, prohibited by the act of 1796, now Code, Sec. 413. We think the point is well taken. The former action had been brought for the horse by the present defendant, on the ground that he had paid the plaintiff fifty dollars for a black horse, which he had lost by reason of the title proving defective, and that this plaintiff had admitted he had used forty dollars of that money in buying the sorrel horse, which was the subject of that suit and of this. The plaintiff had denied that admission on the witness-stand, but the Court, in effect, intimated to the jury that as plaintiff owed the defendant, they might find that defendant had a right to retain the sorrel horse by finding in his favor the issue just submitted, whether the plaintiff had voluntarily surrendered the horse or had been coerced and intimidated into surrendering him.

It was also error to exclude the record in the former action *Hodges v. Wilkinson,* 111 N. C., 56, 17 L. R. A., 545.

Error.