SLIGO FURNACE COMPANY, Appellant, v. HOBART-LEE TIE COMPANY, Respondent.

Springfield Court of Appeals, February 6, 1911

1. CONVERSION: Cutting Timber: Mistake: Willful Trespass: Measure of Damages. Defendant cut timber from plaintiff's land, made the same into railroad ties and removed the ties from the land. In an action for conversion the rule for fixing the measure of damages is declared to be that if the timber was taken by honest mistake, then the measure of damages is the value of the timber before being cut, but if defendant knew he had no right to it and thus became a willful trespasser, then the measure of damages is the value of the timber in its improved condition without reduction for labor bestowed or expense incurred by the wrongdoer.

2. ———: ———: **Evidence Not Sufficient to Show Good Faith.**
In an action for conversion it appeared that defendant had cut
timber from plaintiff's land 'and made it into railroad ties. The
defendant claimed and the trial court found that the timber
was cut in good faith under an honest mistake of the defend-
ant's agents that the land belonged to defendant. The evi-
dence on this question is examined and *held* that there was no
substantial evidence tending to show that defendant's agents
acted in good faith.

3. **WORDS AND PHRASES:** Unlawful: Willful. The terms
"unlawful" and "without right" are not synonymous with "will-
ful."

'Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,*
Judge.

REVERSED AND REMANDED.

*William P. Elmer, A. H. Harrison, G. E. Woodside*
and *G. C. Dalton* for appellant.

(1) Plaintiff is entitled to recover for the value
of the manufactured product, regardless of the intent,
mistake or good faith of defendant in converting the
timber. Mohr v. Langan, 162 Mo. 474; Hendricks v.
Evans, 46 Mo. App. 316; Bolles v. Woodenware Co.,
106 U. S. 432; 28 Am. and Eng. Ency. Law (2 Ed.),
722; Waverly Timber Co. v. Co-Operating Co., 112 Mo.
383; Blockmer v. Railroad, 101 Mo. App. 557. (2) The
proper measure of plaintiff's damages is the value of the
ties at the time of demand for payment and defendant
cannot plead or claim it improved the property or in-
creased the value by its money or labor, to defeat plain-
tiff's recovery of the specific property. Hendricks v.
Evans, 46 Mo. App. 316. (3) Even if the better rule
be as expressed in the text and cases cited below, that
the taking must be willful, wrongful, and without color
or claim of right before plaintiff can recover for the
value of the manufactured product, the testimony in
this cause brings the conversion within that rule. Young

v. Lumber Co., 100 S. W. 784; Werner Stove Co. v. Pickering, 119 S. W. 333; Blackmer v. Railroad, 101 Mo. App. 557. (4) The burden of showing mistake and good faith in the taking of the timber, rested upon the defendant. Young v. Lumber Co., 100 S. W. 784. (5) The verdict or finding of the court will be set aside on appeal when there is no evidence whatever to sustain it. Flanders v. Green, 50 Mo. App. 371; Ettlinger v. Kohn, 134 Mo. App. 492; Moore v. Railroad, 28 Mo. App. 622; Hinchey v. Koch, 42 Mo. App. 230; Bank v. Railroad, 98 Mo. App. 330; Spiro v. Transit Co., 102 Mo. App. 250.

*Harry Clymer* and *Frank H. Farris* for respondent.

(1) The measure of damages under the evidence in this case is the reasonable value of the timber in the tree at the time of the alleged conversion. Land & Lbr. Co. v. Tie Co., 87 Mo. App. 178; Railroad v. Jones, 77 S. W. 955; Young v. Lumber Co., 100 S. W. 785; Werner Stave Co. v. Pickering, 119 S. W. 333; White v. Yawkey, 54 Am. St. Rep. 159; Beede v. Lamprey, 10 Am. St. Rep. 426; Chappell v. Reduction Co., 91 Am. St. Rep. 820; 28 Am. and Eng. Ency. Law (2 Ed.), 722, 724; 13 Ency. of Evidence, 103. (2) The rule now generally accepted as being the correct one is that when the original taking is without wrongful intent or purpose, and under the belief that the taker has a right to the property and the value thereof has been increased by the expenditure of labor or money, the owner is entitled to recover only the value of the property in its unimproved condition. Austin v. Coal Co., 72 Mo. 544; Herdic v. Young, 93 Am. Dec. 739; Ayers v. Hubbard, 58 Am. Rep. 361; Woodenware Co. v. United States, 106 U. S. 432; Pine River Logging Co. v. United States, 186 U. S. 293; Anderson v. Besser, 91 N. W. 736; Whitney v. Huntington, 33 N. W. 561; King v. Merriman, 35 N. W. 570; Hungeford v. Redford, 29 Wis. 345; Tut-

tle, trustee v. Wilson, 52 Wis. 643. (3) It is only when the original taking was willful, wrongful and without color or claim of right, that the measure of damages are fixed at the improved value of the property. Penfield v. Sage, 71 Hun (N. Y.) 573.

COX, J.—Action for conversion of railroad cross ties, trial by court, judgment for plaintiff for $476 as value of the property, and $57.12 interest, and plaintiff has appealed.

The petition alleged plaintiff to be the owner of certain timber lands in Dent county, and that defendant unlawfully and without right trespassed thereon and cut the timber and made it into railroad cross ties, and converted the ties to its own use. The answer was a general denial. A specific finding of facts was asked and the court found that the agents of defendant were not willful trespassers but had cut the timber by mistake, believing it to be located on land from which they had bought the timber and for that reason the court assessed the value of the ties at their value as they stood in the trees.

Appellant insists, first, that the measure of damages was the value of the ties regardless of the question of good faith in cutting them from plaintiff's land.

Second. That if the court adopted the correct measure of damages his finding that the timber was cut by honest mistake is not supported by the testimony.

In our judgment the true rule for fixing the measure of damages is that if the timber was taken by honest mistake, then the value of the timber before being cut is the measure of damages, but if the party taking the timber knew he had no right to it, and thus became a willful trespasser in the first instance, then in a suit against him the measure of damages is the value of the timber in its improved condition without reduction for labor bestowed, or expense incurred by the wrongdoer. [U. S. v. Ute Coal & Coke Co., 158 Fed. 20; Ayers v.

Hobbs, 84 N. E. 554; Central Coal Co. v. John Henry Shoe Co. (Ark.), 63 S. W. 49; Everson v. Seller (Ind.), 4 N. E. 854; Wittiff v. Spreen (Tex.), 112 S. W. 98; Kentucky Stave Co. v. Page, 125 S. W. 170; Young v. Pine Ridge Lumber Co. (Tex.), 100 S. W. 784; Thompson v. Carter (Va.), 65 S. E. 599; Bolles v. Woodenware Co., 106 U. S. 432.] In the Bolles case last cited, after stating the rule as above outlined, it is said that "This is now the generally accepted rule both in England and in this country."

The law is not only careful to compensate the owner for the loss of his property, but it is also careful to see that a willful wrongdoer shall not profit by his own wrong, and by requiring him to respond in damages for the value of the property in its improved state both these purposes are accomplished. To fix the measure of damages at the value of the property in its improved condition when the party had taken it by honest mistake would be as harsh as to fix it at the value in the tree when taken by a willful trespasser would be unjust. In the former case the owner would be profiting by the labor of an honest man mistakenly bestowed upon his property and in the latter case a willful trespasser would be profiting by his own wrong. The rule adopted in the cases above cited, and which was followed by the trial court in this case is just and fair to both parties and, therefore, right.

We do not find that this precise question has been heretofore passed upon in this state, but we do think that the principle involved has been recognized. Thus in Gray v. Parker et al., 30 Mo. 160, an action in replevin, the court, in discussing the general question of the rights of the parties, uses this language. "If property is taken from the rightful owner by a willful trespasser and manufactured or converted by him into a different article, nevertheless, the title to the property will not be changed, and it will still belong to the owner of the original material if he can identify it. But this

is not the law when the chattel is converted by the innocent holder or purchaser into a different specific article. The law makes a distinction in acquiring title to property by accession between a willful trespasser and an involuntary wrongdoer. As the law will not permit any man to take advantage of his own wrong, so the former never can acquire any title however great the change wrought on the original article may be; while the latter may." [See, also, Hendricks v. Evans, 46 Mo. App. 313; Blackmer v. The Railroad, 101 Mo. App. 557, 73 S. W. 913; Austin v. Coal Co., 72 Mo. 535.] We find no case in this state controverting this doctrine. In land and Lumber Co. v. Moss Tie Co., 87 Mo. App. 167, the issues depended upon the title to the land, and no question was raised as to good faith. In Hosli v. Yokel, 57 Mo. App. 622, an action for conversion of hay, the court held that, under the facts in that case, the measure of damages was the value of the standing grass before being cut. The statement of the case, however, shows the hay to have been cut by the lessor from the leased premises and he claimed he had the right to the hay, so the question of whether or not he was a willful trespasser was not involved in that case. Many of the cases in this state, as in Spencer v. Vance, 57 Mo. 427, use this language. "In conversion the measure of damages is the value of the property *at the time of conversion.*" But the question of the right of the owner to sue for and collect the value of property after being enhanced in value by the labor of the wrongdoer was not involved, and the distinction between the rights of a plaintiff against a willful trespasser and an innocent wrongdoer is not discussed; hence, none of these cases are controlling in this case.

It is conceded by all the authorities that in the case of a willful trespasser the owner may follow and retake the property in his hands notwithstanding it may have been largely increased in value by the labor of the trespasser, and, to our mind, it would be illogical to hold.

that if the owner of the property should see fit to retake the property. he could take it in its improved condition, but if he should elect to sue for its conversion he could not recover for its increased value by reason of its improved condition. Our conclusion is that the court adopted the correct rule as to the measure of damages in this case, and that point must be ruled against appellant.

This brings us to the question of whether the finding of the court that defendant's agents acted in good faith is sustained by the testimony.

The plaintiff proved, and the court found, that defendant's agents cut the plaintiff's timber. The land upon which the timber was cut was the north half, southeast quarter, section 5, township 34, range 2, and south half, section 8, and south half northeast, section 8, township 34, range 2. As to the land in section 5, it appears that land adjoining it, both north and south, belonged to parties in Illinois, and they sold the timber thereon to one G. S. Durham and Durham sold to defendant. In the contract from Durham to defendant, the north half, southeast section 5, which it is now conceded is the property of plaintiff, was included. This contract was dictated to a stenographer by Mr. Lunsford, the representative of defendant, and at the time he did so he had the contract from the owners to Durham before him and used it to secure the description of the land. Lunsford did not testify, and whether he inserted the north one-half southeast section 5 by mistake, or did so intentionally, there is no testimony, and defendant offered no explanation as to how this land got into the contract; neither does it in any way appear why Lunsford was not offered as a witness to explain it, if it could be explained. The evidence further shows that the timber contract from Durham to defendant was executed January 11, 1907, and in April, 1907, Mr. Robinson, who was mangager for defendant in having the

timber cut and made into ties, stated to A. N. and J. W. White that this eighty did not belong to defendant. The evidence also shows that the ties were all cut from land both north and south of this eighty before any were cut upon this eighty. Giving this testimony the most favorable construction to defendant possible, and it forces us to the conclusion that when defendant secured this contract from Durham it understood that this eighty was not included, and acting upon that belief the timber was cut from land on both sides of it, and the timber upon this eighty left untouched. The contract from the owners to Durham was turned over to defendant's agents with the contract from Durham to it, and had Robinson looked at these papers he would have at once discovered that Durham could not sell the timber on this eighty, and since he did understand, as he stated to the two Mr. Whites, that defendant did not own the timber on this eighty, we must assume that he had read these contracts, and knew their contents, and this, coupled with the fact that timber was cut on both sides of this eighty before this eighty was touched, leads to but one conclusion, and that is, that the cutting of the timber on this eighty was willfully done. As to the timber cut on land in section 8, it is sufficient to say that the evidence shows that defendant bought the timber on fifteen acres adjoining this land, and in cutting the timber from the fifteen acres the agents of defendant got over the line a half mile. This is the only evidence bearing on the question of good faith as to the timber cut in section 8, and it, instead of showing good faith, shows a wanton disregard of plaintiff's rights. We find nothing in this record from which a finding that defendant's agents acted in good faith can be sustained.

Upon a retrial the plaintiff should amend its petition by making a direct charge of willfulness. The terms "unlawful and without right" are not synonymous

with willful. [State v. Hussey (Maine), 11 Am. Rep. 209; State v. Massey (N. C.), 2 S. E. 445.]

The judgment will be reversed and the cause remanded. All concur.