EDEN C. MADDOCKS *vs.* T. E. GUSHEE.

Knox. Opinion April 26, 1921.

*A judgment by a court of competent jurisdiction, as a general rule, is a bar as a plea or as evidence, conclusive and binding between the same parties and their privies, as to all matters properly alleged and embraced within the issue in the action, and which were or might have been litigated therein, whether such judgment is by default or otherwise.*

Parties and privies are estopped by a judgment. The term privity denotes mutual or successive relationship to the same rights of property. As a general rule, a judgment by a court of competent jurisdiction, directly upon the point, is as a plea a bar, or as evidence, conclusive and binding between the same parties and their privies upon all properly alleged matters embraced within the issue in the action, and which were or might have been litigated therein. It is immaterial whether issue actually was joined by defendant, or tendered him and left unanswered. The rule applies as well to a judgment by default, when the facts stated warrant the relief sought, as to one rendered after contest.

This defendant, albeit he had ample notice, did not heed it. His exceptions are meritless.

On exceptions by defendant. This is an action to recover damages for breach of warranty in the sale of a horse by defendant to plaintiff, which horse was later taken from the plaintiff, on a replevin writ brought by Nathan B. Hopkins. In the replevin action, in which the plaintiff in this case was defendant, the plaintiff gave to the defendant, Gushee, notice that the question, involved in the replevin action, was as to whether, Hopkins, plaintiff in the repelvin action, or the defendant, Gushee, in this case, owned the horse at the time Gushee, defendant in this action, sold it to the plaintiff in this action, and notified him to come into court and defend the replevin suit. The replevin suit after being continued for several terms was defaulted, and the question involved in this action is whether the judgment in the replevin suit is conclusive and binding upon this defendant as to title to the horse. Plea, the general issue, and a brief statement.

Verdict for plaintiff for $354.96. Defendant excepted to refusal of presiding Justice to give certain requested instructions, and also took exceptions to the exclusion of certain evidence. Exceptions overruled.

Case is fully stated in the opinion.

*A. S. Littlefield,* for plaintiff.

*R. I. Thompson, and M. A. Johnson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, J. The defendant in this action sold and delivered a horse to a man named Hopkins, taking a Holmes note in payment. Defendant afterward made sale and delivery of the same horse to the plaintiff in this action. Thereupon the original purchaser replevied the horse from the second vendee. Eventually, on default of the defendant in the replevin suit, the court adjudicated, to quote from its record, that the property which had been recovered "belonged to" the plaintiff in the case. Then the present action was begun. When this action came on for trial, evidence was offered tending to show that in the replevin case he who had twice sold one horse was notified by the first vendee to come into court and make good a warranty of title, express or implied, against asserted subsisting previous ownership. He disregarded the notice. In the instant case, however, he asked the Justice presiding to instruct the jury that, as the judgment in replevin was by default, title to the horse was not thereby determined as between himself and him who is plaintiff now and was defendant before. The Justice declined to so rule. Nor would the Judge permit this defendant to show that, in advance of the later sale, he had received the horse back in amicable adjustment of the unpaid note. The Justice was clearly right.

Parties and privies are estopped by a judgment. *Corey v. Ice Company* 106 Maine, 485; *Stacy v. Thrasher,* 6 How., 144. "It is a well settled doctrine in this State," said Chief Justice Peters, "that if any issue be judicially established between parties to a litigation, the benefit of the finding will inure in favor of the winning party whenever such issue again arises between the same persons or their privies in any other suit. This is upon the principle of estoppel which declares that an issue of fact once judicially proved is forever proved." *Parks*

v. *Libby,* 90 Maine, 56. The term "privity" denotes mutual or successive relationship to the same rights of property. Greenleaf on Evidence, Section 523. As a general rule a judgment by a court of competent jurisdiction, directly upon the point is, as a plea, a bar, or as evidence, conclusive and binding between the same parties and their privies upon all properly alleged matters embraced within the issue in the action, and which were or might have been litigated therein. *Corey* v. *Ice Company,* supra. It is immaterial whether issue actually was joined by the defendant or tendered him and left unanswered. The rule applies as well to a judgment by default, when the facts stated warrant the relief sought, as to one rendered after contest. *Gates* v. *Preston,* 41 N. Y., 113; *Goebel* v. *Iffla,* 111 N. Y., 170. A judgment by default or upon confession is, in its nature, just as conclusive upon the rights of the parties before the court as a judgment upon a demurrer or verdict. *Gifford* v. *Thorn,* 9 N. J. Eq., 702.

Whether the present defendant was seasonably and reasonably vouched in the replevin suit was a question of fact, in regard to the finding, and the effect as a matter of law of the finding, of which the jury was guided by instructions to which exceptions were not taken. If defendant were duly called in, as he seems to have been, to defend on a warrant of title, then of right he could have summoned witnesses to testify in his favor; he could have cross-examined witnesses introduced by the opposite side; indeed, the defense would have been his to control. Actual notice in apt time to the party liable over, with request and opportunity to assume the defense, makes him, in the absence of fraud or collusion, a privy to the record, and binds him by it to the extent to which his rights were tried and adjudged. *Ryerson* v. *Chapman,* 66 Maine, 557; *Boston* v. *Worthington,* 10 Gray, 496; *Blasdale* v. *Babcock,* 1 Johns., 517. Quoting our own Judge Kent: "When a person is responsible over to another, either by operation of law or by express contract, and he is notified of the pendency of the suit, and requested to take upon himself the defense, he is not afterward to be regarded as a stranger to the judgment that may be recovered; because he has a right to appear, and make as full defense, as if he were a party to the record. . . . A judgment, after such notice, will be conclusive against him, whether he appeared or not." *Veazie* v. *Penobscot Railroad Company,* 49 Maine, 119. See too, *Davis* v. *Smith,* 79 Maine,

351. *Blasdale* v. *Babcock,* supra, was an action on the case on an implied warranty in the sale of a horse, which a defendant had sold to a plaintiff, but which belonged to another person, who had recovered it from the plaintiff. The record of the judgment in favor of the owner of the horse against the plaintiff was admitted in evidence on the question of title.

This defendant, albeit he had ample notice, did not heed it. He now contends and insists that notwithstanding, yet judgment in replevin went only to the determination of that plaintiff's right to the possession of the property. To prevail in replevin a plaintiff must show that at the time of the unlawful taking or detaining of the replevied chattel, he had either a general or special property therein and right to its possession. How far a plaintiff must go to make proof of his case often depends upon his adversary's plea. In the replevin case adverted to, no plea was filed. A default was suffered. An action of replevin is not finally disposed of by the entry of a default. That is not the final judgment. It has been said that an action of replevin is not disposed of until the question of the return of the property is acted upon. *Tuck* v. *Moses,* 58 Maine, 461. Default of the replevin defendant did not settle the question of the return of the property. This was determined by the inquiry into the facts and the adjudication thereon by the court. The court adjudged the property to belong to the plaintiff. The record so shows. Were the record not extended then the docket entries, likewise in this instance so showing, would be proper evidence of that fact. The primary meaning of the words "to belong," and also their common and ordinary meaning, is to be the property of. *State* v. *Fox,* 45 N. W., 874; *Gammon* v. *Seminary,* 153 Ill., 41; *Com.* v. *Hamilton,* 15 Gray, 480. Words and Phrases, Vol. 1, Page 744. Virtually the court said to the then plaintiff: Keep the property that you replevied, because you own it. Such was its judgment concerning an issuable fact in the case. Its record thereof is not subject to explanation or contradiction by evidence from outside. As between the parties and their privies a judgment must be conclusive upon all questions settled by it, as long as it stands; motives of public policy so dictate. Defendant's exceptions are meritless.

*Exceptions overruled.*