BENNETT S. THOMAS *vs.* ALBERT J. FERRISS.

*Third Judicial District, New Haven, June Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

* Transferred from the First Judicial District.

Argued June 2d—decided July 29th, 1931.

*David Cramer*, with whom, on the brief, was *John T. Hubbard*, for the appellant (plaintiff).

*Thomas F. Ryan*, for the appellee (defendant).

BANKS, J.  Theodore Anderson purchased a Nash automobile from the Manufacturers Finance Corporation under a conditional bill of sale dated August 12th, 1925, which provided that the title should remain in the vendor until the purchase price was paid in full. The instrument was not acknowledged and was not recorded until September 5th, 1925.  On September 2d, 1925, Anderson sold the car to Ferriss, the present defendant, who, on September 24th, 1925, sold it to Thomas, the present plaintiff, who in turn, on December 24th, 1925, sold it to Clifford Chappin.  On January 20th, 1926, Anderson being in default upon the purchase price, the Manufacturers Finance Corporation replevied the car from Chappin, who thereupon brought suit against Thomas for the recovery of the amount paid by him for the car, and recovered judgment.  Thomas gave notice to Ferriss of the pendency of the action brought against him by Chappin by having served upon him a copy of the complaint in that action, and a notice to appear and defend the action, and that, upon his failure to do so, Thomas would look to him for payment of any judgment rendered in the action and the expense of defending the same.  Ferriss did not appear or defend that action, and Thomas paid the judgment rendered against him therein, and then brought the present action to recover the amount laid out by him on account of that judgment.  These facts were not in dispute upon the trial.  It was undisputed that the conditional bill of sale, which is the basis of the claimed defect in the defendant's title, was not acknowledged.  As against subsequent vendees the sale

by the Manufacturers Finance Corporation to Anderson was therefore an absolute sale, and there was no defect in his title. General Statutes, §§ 4697, 4699; *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390, 123 Atl. 514. The sale from Ferriss to Thomas, and that from Thomas to Chappin each conveyed a good title to the car. Nevertheless the car was taken from Chappin in the replevin action brought by the Manufacturers Finance Corporation, and Chappin then brought suit against his vendor, Thomas, alleging a defect in the latter's title. Thomas vouched in his vendor, Ferriss, to defend that action. In each of these successive transfers there was an implied warranty by the vendor that he had good title free of any charge or incumbrance. General Statutes, § 4633. When chattels are sold with an express or implied warranty of title, if the purchaser or any subsequent vendee is sued in an action involving the question of title, and gives notice to his vendor of the pendency of the action and its nature, and requests him to defend, the latter is conclusively bound by the judgment rendered in that action. *Thurston* v. *Spratt,* 52 Me. 202; *Maddocks* v. *Gushee,* 120 Me. 247, 113 Atl. 300; *Boyd* v. *Whitfield,* 19 Ark. 447; *Pinney* v. *Geraghty,* 205 N. Y. Supp. 645; *DuPont de Nemours & Co.* v. *Richmond Guano Co.,* 297 Fed. 580; 8 A. L. R. 668; 15 R. C. L. 1020; 24 R. C. L. 233; 34 Corpus Juris 1032, § 1464. 2 Black on Judgments (2d Ed.) § 572.

The vendor in such case is responsible over to his vendee upon the warranty of title, and under such circumstances is not regarded as a stranger to the action because he has the right to appear and defend and the same opportunity to do so as the record defendant. 15 R. C. L. 1017, 1020; 1 Freeman on Judgments (5th Ed.) §§ 447, 454.

The vendor is the real defendant and it is his duty

to assume the defense and protect his vendee. The rule was applied by us where the relationship between the parties was that of bailor and bailee, *Ladany* v. *Assad,* 91 Conn. 316, 323, 99 Atl. 762, and is equally applicable to the relationship of vendor and vendee. It was admitted by the defendant that he was served with a copy of the complaint in the action against his vendee, the present plaintiff, and a notice to appear and defend, and the jury could reasonably have found that he was notified of the pendency of the action in ample time to have defended it, and was requested to do so but did not.

One of the grounds upon which the trial court set aside the verdict was that it was based upon a nonexistent lien. Whether there was a defect in the title by which Thomas held the car sold to him by Ferriss, by reason of the conditional bill of sale from the Manufacturers Finance Corporation or otherwise, was in issue in the action of Chappin v. Thomas, which this defendant was vouched in to defend. Having failed to appear in that action it is now too late for him to rely upon facts which would show that he had a good title to the car and therefore could have interposed a good defense in that action. The verdict in this case is based, not upon a non-existent lien, but upon the judgment in the Chappin suit. The defendant is not in a position to retry the issues of that litigation.

The defendant introduced in evidence the transcript of the testimony taken in the Chappin case, and it is claimed that it appears therefrom that the defense in that action was largely a formality and the judgment in effect one by consent. If we may assume that this so conclusively appears that the jury could not reasonably have found otherwise, that fact would not justify the setting aside of the verdict. If the judgment in the original action had been one by default or con-

fession it would have been as conclusive as one rendered after a contest. A vendor who is liable over to his vendee upon his warranty of title, and is cited in to defend the suit against the latter, is made a privy to the record, and his vendee may rely upon his appearing and presenting his defense if he has one. *Maddocks* v. *Gushee,* 120 Me. 247, 113 Atl. 300.

The attorney who represented Thomas in the action brought against him by Chappin was a witness in the present case, and testified that he had examined the conditional bill of sale given to Anderson by the Manufacturers Finance Corporation, and knew at the time of the trial of that action that the bill of sale was not acknowledged, but also testified that he did not know it was void. The trial judge held that the judgment in the Chappin action failed of all probative force because of fraud in the nondisclosure by the attorney for Thomas in that action of the known fact of the defect in the conditional bill of sale. But the defect in the bill of sale would not constitute a defense unless it rendered it void as against Thomas; this would be the controlling fact, and of that the attorney testified he was ignorant. There was no basis then for the claim of fraud. *Bradley* v. *Reynolds,* 61 Conn. 271, 280, 23 Atl. 928. Even if this defense were otherwise available to the defendant he has failed to plead it. In a second defense the defendant alleged that Anderson offered redelivery of the car to Chappin or Thomas, and that the plaintiff failed to avail himself of that fact in his defense, and carelessly and negligently failed to notify the defendant of the date of the assignment of the Chappin case for trial, or to subpoena him as a witness, and that any loss sustained by the plaintiff was through his own connivance, negligence and choice. These allegations could not be made the basis of a finding that the Chappin

judgment was procured by fraud in failing to disclose upon that trial the fact that the conditional bill of sale was not acknowledged. The defense that the judgment relied on by the plaintiff was void by reason of the failure of counsel to disclose to the court the defect in the conditional bill of sale was an affirmative defense which, to be availed of, must be pleaded. Practice Book, p. 290, § 200. Since it was not pleaded the defendant was not entitled to a verdict based upon that defense even if the evidence established the fraud now claimed. *American Surety Co.* v. *Pacific Surety Co.*, 81 Conn. 252, 258, 70 Atl. 584.

There was evidence upon which the jury might reasonably have reached its conclusion, and the verdict was not contrary to the law.

There is error, the judgment is set aside and the Court of Common Pleas directed to enter judgment on the verdict.

In this opinion the other judges concurred.