MATTHEW GEARY *vs.* MIKE BASHA.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued May 2d—decided June 5th, 1934.

*J. Gregory Lynch,* with whom, on the brief, was *James M. Lynch,* for the appellant (defendant).

*William T. Keavney,* with whom was *Walter W. Smyth,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged that on October 8th, 1923, the defendant sold and delivered to the plaintiff certain personal property including a platform scale; that the scale was not the property of the defendant but belonged to Mike Hychka who replevied it from the plaintiff; and that the plaintiff gave the defendant notice of the commencement of the replevin action and required him to defend it. An attorney holding money of the defendant as hereinafter stated was made garnishee. The defendant admitted the sale but denied the other allegations. The finding, with such corrections as the defendant-appellant is entitled to, reveals the following facts material to the present inquiry: Out of the agreed purchase price ($1000) of the goods—the stock and fixtures of a meat and grocery business—$400 was deposited with an attorney to protect the purchaser against unpaid indebtedness of the vendor. A few days after the sale Hychka demanded the scale from the plaintiff, claiming that it belonged to him, and on November 26th, 1923, replevied it. The plaintiff notified the defendant of the replevin action and demanded that he defend it but he did not do so. The plaintiff defended it, and on January 21st, 1924, the City Court of Waterbury rendered judgment in favor of the defendant therein— the present plaintiff—ordering return of the scale. Hychka, the replevin plaintiff, appealed from the judgment to the District Court, but failed to prosecute the appeal and it was dropped from the docket in June, 1928. A scale such as that replevied was necessary in the plaintiff's business, and on January 15th, 1924, he purchased a similar scale and the purchase price, $255, was paid by the attorney out of the $400

deposited with him as above stated. The scale re-plevied by Hychka has not been returned to the plaintiff and he has taken no steps to recover it or upon the replevin bond. The present action was tried in April, 1929, and the trial court concluded that $255 was a reasonable value of the scale, that the money of the defendant left with the attorney was properly used for the purchase of one to replace it, and rendered judgment for the plaintiff to recover $255 and his costs.

Under the complaint the plaintiff sought as damages, and was awarded, the value of the scale replevied by Hychka, although it appears from the finding that not only did he obtain and retain an equivalent scale, paid for out of money belonging to the defendant but, Hychka having failed to establish his right to the scale, he also was entitled to return of the original scale and to recover damages from Hychka. General Statutes, § 5956; *Quinnipiac Brewing Co.* v. *Hackbarth,* 74 Conn. 392, 50 Atl. 1023. This rather anomalous situation suggests, and the plaintiff admits in his brief, that the real purpose of this action was not to recover damages from the defendant, in addition to obtaining the replacement scale, but to justify the attorney who is custodian of the defendant's money deposited as security against unpaid claims, in paying for the substitute scale out of that fund. The attempt to accomplish that object by this means must fail for the reason that the facts found do not support the allegation, essential to the cause of action set up in the complaint, that the replevied scale was not the property of the defendant vendor but of Hychka. The plaintiff was not obliged to await the final outcome of the replevin action before bringing an action against his vendor for breach of implied warranty of title and possession (General Statutes, § 4633) but the burden was

upon him, on the trial, to prove, either by final judgment in the replevin action or otherwise, a title in Hychka superior to that of the defendant vendor. *Close* v. *Crossland,* 47 Minn. 500, 50 N. W. 694; *O'Brien* v. *Jones,* 91 N. Y. 193, 198; *McGiffin* v. *Baird,* 62 N. Y. 329; *Hodges* v. *Wilkinson,* 111 N. C. 56, 15 S. E. 941. The plaintiff manifestly failed to sustain this burden. The finding shows no facts establishing title in Hychka. On the contrary, the final judgment in the replevin action established lack of any title in Hychka superior to that of the present defendant. The effect of the notice to the latter of the pendency of that action and the demand that he defend it was to conclusively bind him by the judgment therein. *Thomas* v. *Ferriss,* 113 Conn. 539, 542, 155 Atl. 829.

There is error, the judgment is reversed and the case is remanded to the Court of Common Pleas for the Judicial District of Waterbury with direction to enter judgment for the defendant.

In this opinion the other judges concurred.