Vernon L. IVESTER and Madelyn E. Ivester, (Plaintiffs) Respondents,

v.

E. B. JONES MOTOR COMPANY, a Corporation, (Defendant) Appellant.

No. 29830.

St. Louis Court of Appeals. Missouri.

March 4, 1958.

Motion for Rehearing or for Transfer to Supreme Court Denied April 4, 1958.

Lowenhaupt, Mattingly, Chasnoff, Freeman & Holland, Richard D. Fitzgibbon, Jr., St. Louis, for appellant.

Dubinsky & Duggan, Sidney W. Horwitz, St. Louis, for respondents.

WOLFE, Commissioner.

This is an action to recover damages arising out of a breach of warranty of title to an automobile. The automobile was purchased by the plaintiffs from the defendant. It was later the subject of a replevin suit against the plaintiffs by a third party who asserted ownership of and title to the car. The third party obained possession and plaintiffs then brought this suit against E. B. Jones Motor Company, from which they had purchased the automobile. There was a verdict and judgment in favor of the plaintiffs in the sum of $2,396 and the defendant prosecutes this appeal.

The facts of the matter are that Vernon L. Ivester and Madelyn E. Ivester, the plaintiffs, are husband and wife, and in March of 1950 they desired to buy a car. At that time there was in operation a company known as E. B. Jones Used Car Arena Inc., which has since merged with the E. B. Jones Motor Company, the defendant. Reference to the defendant therefor includes the company with which it was merged. The plaintiffs went to a used car lot operated by the defendant and there selected a 1949 Ford. They agreed to purchase it for a total price of $1,936. They paid the defendant $100 cash and traded in on the purchase a 1940 Studebaker sedan for which the defendant allowed them $300. This left a balance of $1,536 due the defendant and the plaintiffs executed a note for this sum secured by a chattel mortgage on the Ford and payable in twenty-four monthly installments of $64 each. The Jones Company told the plaintiffs that it had purchased the car from a man named Hugh F. Keepers, who had an Ohio title to it. The Jones Company filled out the necessary papers for a transfer of title to the plaintiffs. The plaintiffs then made the transfer through the Missouri Department of Motor Vehicle Registration and secured a Missouri title to the Ford.

The note was paid off in due time and thereafter around the last of July, 1953, an agent for the Federal Bureau of Investigation called upon the plaintiffs to question them about the car. Ivester then got in touch with the Jones Company and told it that his title to the car had been questioned. He took the agent for the Federal Bureau of Investigation to the company and was present with him when he talked to the sales manager. The company did nothing about the matter despite numerous calls by Ivester.

The Ford remained in the possession of plaintiffs until September of 1953, when a replevin suit was filed by Rent-A-Car Service, Inc., a Texas corporation, which claimed ownership of and title to the car. The car was taken by the sheriff of the City of St. Louis and turned over to Rent-A-Car Service, Inc. When this occured the Ivesters again got in touch with the Jones Company and requested it to defend the replevin action. This the company refused to do. After its refusal the Ivesters filed a petition in the replevin suit to join E. B. Jones Company as a third-party defendant. This was granted but the plaintiff in the replevin action declined to amend its petition so as to state a cause of action against the Jones Company and the Jones Company filed a motion to dismiss the third-party petition filed. Later Ivester agreed to pay the cost of the replevin action and it was dismissed with Rent-A-Car Service, Inc., keeping the automobile.

The action here under consideration was then brought by Ivester and his wife against the E. B. Jones Motor Company, as stated. The plaintiffs not only introduced the foregoing evidence but also introduced the records of the Motor Vehicle Division of

the Texas Highway Department, which set out the various transfers of the Ford in question from the original manufacturers certificate to Rent-A-Car Service, Inc., which, as stated, was the plaintiff in the replevin suit.

At the close of the plaintiffs' case the defendant stood upon its motion for a directed verdict and offered no evidence.

█ It is contended that the plaintiffs failed to make a submissible case. There appears to be no dispute about the general rule that there is an implied warranty of title when goods are in possession of a seller at the time of sale. No point is presented about the seller's warranty of title, but it is asserted that there was a failure to prove that the plaintiffs surrendered the automobile to one having a superior title. This overlooks the conceded facts. The court files of the replevin suit were in evidence and no question was raised as to their authenticity or the verity of the matters recited in them. These show that Rent-A-Car Service, Inc., by that action did obtain the automobile.

It is stated by the appellants that "plaintiffs proved through documentary evidence a chain of title originating in and continuing in the State of Texas. However, plaintiffs also admitted that title was in defendant at the time of sale." This conclusion is predicated upon a statement made by Ivester that the Jones Company purchased the car from Keepers who had an Ohio title and that the Jones Company gave Ivester an application for title showing that it owned the car. The testimony was merely explanatory of the events that took place at the time of the sale and was not an admission that the real title and ownership was in the Jones Company as the defendant would seek to construe it.

█ The general rule is that when a suit is brought by a third person against the purchaser, the seller may intervene and defend the title, and if he is duly notified he is bound to do so. When the seller is notified and fails to defend, he is bound by the results of such litigation. 77 C.J.S. Sales § 335, p. 1221; Schaefer v. Fulton Iron Works, Mo.App., 158 S.W.2d 452, loc. cit. 456; Thomas v. Ferriss, 113 Conn. 539, 155 A. 829, loc. cit. 831. It must therefore be concluded that the plaintiffs made a submissible case.

█ The other points raised go to an instruction given. It is asserted that the instruction is erroneous in that it did not require a finding "that the title to which plaintiffs surrendered the automobile in question was a paramount title to plaintiffs' own title". That which we have said above disposes of this assignment. We are not dealing with a voluntary surrender of the automobile to a third person by the buyer. The plaintiffs had the car taken from them by one claiming title and the seller refused to defend the replevin action which he was obliged to do. Under the circumstances present, the question of title was settled and the instruction is not erroneous on that ground.

█ There is also an attack upon that part of the instruction relating to the measure of damages. It is asserted that it permitted a verdict for the purchase price plus interest at six per cent from the date of purchase together with expenses incurred in the defense of the title. This has been held to be a proper measure of damages in such cases. Speckard v. Mendenhall, Mo. App., 253 S.W. 166; Dryden v. Kellogg, 2 Mo.App. 87. There is no dispute about this except that the defendant says that the amount paid to it for the car included interest for a third party. There is no evidence that any interest was included in the $1,936 paid by the plaintiffs. In fact the defendant in answer to interrogatories which were in evidence stated the purchase price was $1,936.

It must therefore be concluded that the instruction was not erroneous on either of the grounds advanced.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

MATTHES, Acting P. J., ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.