TOWN OF LIMERICK, et al.

v.

Clarence WOODSOME, et al.

Supreme Judicial Court of Maine.

Argued Sept. 14, 1988.

Decided Nov. 28, 1988.

Elmer E. Runyon (orally), Sanford, for Town of Limerick, Robert P. Brown, No. Berwick, for Lake Arrowhead Community, Inc.

Clarence Woodsome (orally), North Waterboro, pro se.

Before ROBERTS, WATHEN, GLASSMAN and HORNBY, JJ.

GLASSMAN, Justice.

The defendants, Clarence Woodsome, Sr., Clinton Woodsome, and Clarence Woodsome, Jr., appeal from the judgment of the Superior Court (York County, *Perkins, J.*) entered on February 9, 1987 declaring the judgment of the court (*Clifford, C.J.*) entered on August 10, 1984 to be final in all respects. The defendants contend that the court erred in its factual finding underlying the February 9, 1987 judgment and in not applying certain equitable principles to favor the defendants' motion to strike portions of the judgment entered on August 10, 1984. We affirm the judgment entered on February 9, 1987.

I.

The record discloses the following: The dispute between the parties centered on certain rights to and the ownership of real estate on an island adjacent to the Little Ossipee Flowage located within the "Limited Residential District" in the Saco River Corridor and subject to the Saco River Corridor Act and the rules and regulations promulgated thereunder by the Saco River Corridor Commission (Commission). *See* 38 M.R.S.A. §§ 951–968 (Supp.1988). While the action between the parties was pending in the Superior Court, the parties jointly petitioned the court for a judgment by consent. In response to this petition, a consent judgment dated August 10, 1984 was entered, setting forth certain stipulations of the parties and providing, *inter alia*, that the defendants could enter upon a right of way running on land owned by the Town for the purpose of constructing a road; that the defendants secure approval of the Commission prior to commencement of the construction of the roadway; that neither the selectmen of the Town or the corporate officers of Arrowhead would oppose any application by the defendants for such approval; and that all the parties were denied damages or costs. The judgment further provided:

Upon filing with the Court proof of approval of said application by the Saco

River Corridor Commission ... this judgment shall become final in all respects.

In the event that the Saco River Corridor Commission denies said application, all stipulations and paragraphs 3, 5, and 8 of this Order shall, upon application of any party made within thirty (30) days of such denial, be stricken; otherwise to remain in full force and effect.

On September 5, 1984, the defendants filed an application for approval of the construction of the roadway with the Commission. By letter dated September 11, 1984, the defendants were notified that the application was incomplete and that certain specific additional information was requested. Although the requested information was available to the defendants, it was not provided to the Commission. At a meeting of the Commission on November 7, 1984, the defendants requested that the Commission deny the application. Although the executive director of the Commission recommended that "the application should be tabled for lack of information, rather than denied," the Commission voted unanimously to deny the permit. By a letter dated November 14, 1984, the defendants were notified of the denial.

Almost two years later on October 6, 1986, the defendants filed a second application with the Commission seeking approval of the construction of the road. This application was denied on its merits by the Commission on October 29, 1986.

On October 28, 1986, the Town filed a motion in the Superior Court, seeking, *inter alia*, a declaration by the court that the judgment dated August 10, 1984 be final in all respects. On November 20, 1986, within thirty days of the Commission's denial of the defendants' second application to build a road on the island, the defendants filed a motion to strike the stipulations and certain provisions contained in the judgment dated August 10, 1984. By agreement of the parties, both motions were consolidated for a hearing held on February 5, 1987. From the judgment entered on February 9, 1987, stating "Judgment of August 10, 1984 is

hereby declared final in all respects as ordered," the defendants appeal.

## II.

The defendants contend that in declaring the August 10, 1984 judgment final, the court erred in what of necessity had to be its finding that the defendants' motion to strike portions of that judgment was untimely.[1]

Paragraph 7 of the judgment of August 10, 1984, in relevant part, states, "In the event that the Saco River Corridor Commission *denies* said application, all stipulations and paragraphs 3, 5, and 8 of this order shall, *upon application of any party made within thirty (30) days of such denial*, be stricken; otherwise to remain in full force and effect." (emphasis added). Before the court could determine the question of the timeliness of the defendants' motion, the determination of the meaning of the word "denies" and the wording "of such denial" had to be resolved. The construction of this language is a question of law. *Cf. Boehner v. Briggs*, 528 A.2d 451, 453 (Me.1987) (construction of terms in deed is legal determination "open to corrective appellate review"); *Butler v. Inhabitants of Tremont*, 412 A.2d 385, 387 (Me.1980) (court is free to determine independently correctness of lower court's construction of document).

The common and ordinary meaning of the term "denial" in the context of an administrative determination is a final denial rather than any denial no matter how unsettled the determination. *See Maddocks v. Gushee*, 120 Me. 247, 250, 113 A. 300, 302 (1921) (words "to belong" in judgment construed to mean "to be the property of" because that meaning was the "primary meaning of the words ... and also their common and ordinary meaning" in the context of an action for replevin). Paragraph 7 of the judgment premised the motion to strike on a final determination of the Commission rather than on an inconclusive, intermediary denial in the Commis-

---

1. No written findings of fact were made by the court and no transcript of the February 5, 1987 hearing on the parties' motions has been filed with this appeal.

sion's decision making process. The minutes of the Commission meeting on November 7, 1984 state that the application was denied rather than tabled for lack of information. Accordingly, we find on this record, that absent an appeal,[2] the first decision of the Commission on November 7, 1984 triggered the thirty-day period for an application to strike the stipulations and relevant paragraphs in the judgment of August 10, 1984.

 The defendants contend that the November 7, 1984 decision of the Commission was not final since on October 6, 1986, the defendants furnished the Commission with supplemental information to allow the Commission to reconsider the defendants' 1984 application. The defendants attempt to support their argument by two letters, dated November 14, 1984 and December 3, 1984, respectively, from agents of the Commission to the defendants, containing reference to the fact that the defendants' 1984 application could be reconsidered by the Commission if properly supplemented by additional information. The Commission's regulation regarding reconsideration of a decision by the Commission, in effect in 1984, authorizes a reconsideration by the Commission if a person aggrieved by the Commission's decision files a petition for reconsideration within 60 days of its decision.[3]

At no time did the defendants file a request with the Commission for the reconsideration of its decision of November 7, 1984. The defendants' second application, filed almost two years after the denial of the defendants' first application, cannot be considered a request for reconsideration under the terms of the governing regulation. Because the defendants did not file their motion to strike portions of the August 10, 1984 judgment within 30 days of November 7, 1984, the court properly declined to strike portions of the August 10, 1984 judgment.

We find no merit in the defendants' remaining contention.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** 38 M.R.S.A. § 968 (Supp.1988) provides in pertinent part:

[A]ny party or person aggrieved by any order or decision of the commission, in regard to any matter upon which there was a hearing before the Commission ... may, within 30 days after notice of the filing of such order or decision, appeal therefrom to the Superior Court....

**3.** Regulation 5(A), in effect in 1984, states in pertinent part:

5. *Reconsideration and Final Decision.*
   A. Within sixty (60) days of the date of a decision denying an application or granting an application with conditions, which decision was made without a hearing, the appli-

cant may file a request for reconsideration with the Commission. Such request shall be filed with the Commission at its office and shall set forth, in detail, the findings, conclusions or conditions to which such applicant objects, the basis of such objections and the nature of the relief requested. It shall be the responsibility of the applicant to see that the request for reconsideration is received by the Commission on or before the date specified in notices required by Section 5B.

Saco River Corridor Comm'n, Regulations for the Processing of Applications for Permits, Variances, or Certificates of Compliance, Reg. 5(A) (amended May 28, 1986).